CAPITOL TRANSIT Co. *v.* MITCHELL.

5-697                                            279 S. W. 2d 569

Opinion delivered May 30, 1955.

*Bailey, Warren & Bullion,* for appellant.

*Wm. J. Walker* and *Carl Langston,* for appellee.

WARD, J.  Appellee recovered a judgment for injuries received because of the alleged negligence of the driver of appellant's bus at a street crossing.  Appellant contends that the judgment should be reversed for two reasons: *First,* it is alleged that there is no evidence to support the allegation of negligence on the part of the bus driver; *second,* it is alleged the evidence shows that appellee was guilty of contributory negligence as a matter of law.

Appellee, Mrs. Leonard Mitchell, was injured about 6:00 p. m. on November 21, 1953, while she was attempting to cross Main Street from west to east where said street intersects Fifth Street in the City of Little Rock. She was attempting to cross along the south side of Fifth Street. The testimony shows that Mrs. Mitchell waited for the traffic light to turn green and then stepped into the crosswalk or safety zone and proceeded east for the purpose of crossing Main Street. Main Street is 54 feet wide, and when Mrs. Mitchell was approximately 21 feet out into the street she was hit by the front bumper of appellant's bus and knocked approximately 4 feet, landing prone on the pavement, and was injured.

Just previous to the said traffic light turning green on this particular occasion appellant's bus had stopped, while traveling east on Fifth Street, several yards west of Main Street [in front of Franke's Cafeteria]. On the caution signal [just preceding the said particular green light] the driver, Charles Holmes, put the bus in motion and proceeded toward Main Street, apparently arriving at the west line of Main Street at about the time the traffic light turned green. It is not entirely clear from the testimony whether the bus was stopped before it entered the intersection although there is testimony that it did not but proceeded on into the intersection at about the same time appellee started to cross the street. It was the intention of the driver, as he had a right, to make a right turn in order to proceed south on Main Street. The bus was 28 feet long [slightly more than one-half the distance across Main Street] and it appears that it was necessary for Holmes to proceed some distance out into Main Street before making the turn in order to avoid striking the curb. The point of impact of the bus with appellee was slightly to the left of the middle of the front bumper.

At this particular time it was raining and the windshield wipers on the bus were in operation. In one portion of Holmes' testimony it is stated that he saw appellee just before or at the time the bus struck her, but from other portions of his testimony the jury could have found

that he didn't see her at all. Holmes testified that immediately before and at the time of the impact the bus was moving 2 or 3 miles per hour and that appellee was knocked a distance of about 2 or 3 feet, but there was other testimony that the bus was traveling approximately 8 miles per hour and that appellee was knocked a distance of approximately 4 feet. Holmes stated that the bus moved about a foot after hitting appellee. He stated also that just as he was entering the intersection he saw two or three people standing on the sidewalk facing north but that he did not see Mrs. Mitchell or anyone else facing east, and he had no explanation of why he didn't see Mrs. Mitchell.

The testimony does not show conclusively exactly how fast Mrs. Mitchell was walking as she was attempting to cross. Some testimony was to the effect that she was going fast or running and other testimony was that she was walking more or less normally. Mrs. Mitchell stated that she was crossing the street to buy a book at Walgreen Drug Store but doesn't remember any of the details of how the collision occurred. She said she didn't look for or see the bus after she entered the intersection. It is conceded that both Mrs. Mitchell and the bus entered Main Street on the green light and that they had a right to do so. The extent of the injuries or the amount of the judgment is not questioned.

Considering the factual situation above set forth and viewing the evidence in the light most favorable to appellee, as we must under our well established rule, we are unable to say as a matter of law either that there is no substantial evidence to support the allegation of negligence on the part of appellant, or that appellee was guilty of contributory negligence.

The jury would have, we think, been justified in finding that Holmes could and should have seen appellee preparing to cross the street in an easterly direction, should have seen her as she progressed across the street, should have seen her as he was turning his bus to the right when appellee was near the point of collision, and

that he should have driven his bus at a slower speed than he did. In weighing the degree of care exercised by the bus driver the jury could also take into consideration the late hour of the day and the condition of the weather. Holmes says that he stopped the bus within one foot after he struck appellee, so it would appear that had he seen Mrs. Mitchell he might have been able to have avoided hitting her. The point of impact on the bus bumper is an indication that appellee was in such position that she could have been seen by the driver at least momentarily before she was hit.

What we have just said also substantiates our conclusion that Mrs. Mitchell was not, as a matter of law, guilty of contributory negligence. The evidence in this case does not present the same situation as obtained where we have held, in cases cited by appellant, that a person is guilty of contributory negligence as a matter of law where he steps into the line of traffic without looking. In the case of *Ponder* v. *Carroll,* 193 Ark. 1120, 105 S. W. 2d 72, this Court stated: ''Appellee was negligent in stepping from the wagon without exercising ordinary precautions for his own safety, and the trial court should have directed a verdict in favor of appellant.'' It was there stated that appellee while riding across a bridge on a wagon stepped into the line of oncoming traffic without looking and was hit by a car approaching from the rear. Here it is not disputed that appellee had a right to enter the intersection when she did or that she was in the crosswalk or safety zone. It is clear from the physical facts here that if appellee, at the time of stepping off the sidewalk preparatory to crossing the street, had looked at the bus which was entering the intersection at the same time, there would have been no indication to her that the bus would cross her line of procedure. Due to the length of the bus it was necessary for it to proceed in a more or less straight line for some distance into the street before attempting to make a turn to the right. The driver of the bus was of course aware of this and it imposed upon him the duty of exercising reasonable care before he changed the direction of the bus across the line along

which he knew pedestrians might be traveling. Having once entered the safety zone in her attempt to cross the street at a time when there was no apparent danger from the position of the bus, we cannot say, as a matter of law, that she was careless in thereafter failing to keep a continuous lookout for its movement.

Affirmed.